IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01787-BNB

SHANE C. GARRISON,
Plaintiff,

v.

THE ESTATE OF CHARLES BUFWACK,
CHARLENE L. BUFWACK,
PRESIDENT OF CHASE BANK, Westminster, CO,
JOHN DOE & JANE DOE 1-10,
PRESIDENT OF WORLD SAVINGS BANK, Westminster, CO, and
JOHN DOE & JANE DOE 10-20,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 0 2007

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Shane C. Garrison is in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Garrison has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. On October 22, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Garrison to show cause why the complaint should not be dismissed because he fails to allege that any named Defendant was acting under color of state law. On October 24, 2007, Mr. Garrison filed a motion to amend the caption. That motion will be granted. On November 9, 2007, Mr. Garrison filed a document titled "Plaintiff's Response to Order to Show Cause and Alternative Motion to Transfer Venue to 28 U.S.C. § 1406 and 28 U.S.C. § 1404(a)."

Mr. Garrison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint

at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint as legally frivolous.

The Court must construe the complaint liberally because Mr. Garrison is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Garrison alleges in the complaint that he inherited money and property from his grandfather who passed away in June 2001. Mr. Garrison further alleges that he has been unable to access his inheritance because officials at the Defendant banks refuse to respond to his letters. Mr. Garrison also alleges that the trustee of the estate, his mother, has refused to turn over any of his inheritance. Mr. Garrison claims that Defendants have denied him equal protection by discriminating against him based on his incarceration.

As Magistrate Judge Boland noted in his show cause order, § 1983 "provides a federal cause of action against any person who, acting under color of state law,

deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Garrison must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." ***Lugar v. Edmondson Oil Co.***, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Mr. Garrison does not allege in his complaint that any Defendant in this action was acting under color of state law. He also does not allege in his response to Magistrate Judge Boland's show cause order that any Defendant in this action was acting under color of state law. Instead, Mr. Garrison asks the Court in his response not to dismiss this action because his civil and constitutional rights have been violated.

Alternatively, Mr. Garrison asks the Court to transfer this action to an appropriate court if venue is not proper in this Court.

Mr. Garrison's belief that his rights have been violated does not demonstrate that he was denied equal protection by a person acting under color of state law. Furthermore, the defect in Mr. Garrison's equal protection claim is not merely a venue problem. Mr. Garrison fails to allege the existence of an essential element of the claim he is asserting. Therefore, because Mr. Garrison fails to allege that any Defendant was acting under color of state law, the equal protection claim lacks merit and the complaint must be dismissed. Accordingly, it is

ORDERED that the motion to amend the caption of the complaint filed on October 24, 2007, is granted. It is

FURTHER ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  5  day of  December , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01787-BNB

Shane C. Garrison
Prisoner No. 84286
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/07    .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk